IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHELE COLLEEN RUNDGREN, | ) | CIVIL NO. 10-00252 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS SECOND AMENDED |
| THE BANK OF NEW YORK | ) | COMPLAINT FILED ON |
| MELLON, a New York corporation; | ) | NOVEMBER 5, 2010 |
| COUNTRYWIDE HOME LOANS, | ) | |
| INC., a California corporation, by | ) | |
| merger now BANK OF AMERICA; and | ) | |
| BANK OF AMERICA, a California | ) | |
| corporation, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT FILED ON NOVEMBER 5, 2010

## I. INTRODUCTION

Plaintiff originally filed this action on March 10, 2010, alleging

claims against various Defendants stemming from mortgage transactions and a

subsequent notice of nonjudicial foreclosure concerning real property located at

4487 Emmalani Drive, Princeville, Hawaii 96722 (the "subject property").  After

two rounds of motions practice, Plaintiff ultimately filed her Second Amended

Complaint ("SAC"), which alleges claims against Defendants Bank of New York

Mellon ("BONY"), Countrywide Home Loans, Inc. ("Countrywide"), and Bank of

America ("BOA") (collectively, "Defendants") for violation of Hawaii Revised Statutes ("HRS") Ch. 480, 18 U.S.C. § 1001, and wrongful foreclosure.

Currently before the court is Defendants' Motion to Dismiss the SAC on the bases that Plaintiff has failed to correct any of the deficiencies the court previously identified when it dismissed Plaintiff's First Amended Complaint ("FAC"), and that the SAC otherwise fails to state a cognizable claim. Based on the following, the court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

As alleged in the SAC, on February 15, 2005, Plaintiff received a first and second subprime mortgage loan on the subject property from Countrywide in the amounts of $966,000 and $200,000 respectively. SAC ¶ 10. In processing these loans, Countrywide employees allegedly (1) stated Plaintiff's monthly gross income at $19,750 even though she had no income; (2) exaggerated Plaintiff's assets to be over $2,000,000; (3) listed that Countrywide employees had conducted a "face-to-face interview" even though they received information from Plaintiff via phone; (4) secured a false appraisal of the subject property; (5) rushed Plaintiff through signing the documents without allowing her to read them; and

(6) charged Plaintiff exorbitant loan origination and processing fees.  *Id.* ¶¶ 11, 12, 15, 16.

On December 11, 2009, BONY recorded a "Notice of Intention To Foreclose Under Power of Sale" for the subject property at the State Bureau of Conveyances in the City and County of Honolulu.  *Id.* ¶ 18.  This Notice stated that BONY was the current assignee of Plaintiff's first mortgage, and that the nonjudicial foreclosure auction sale was scheduled for March 10, 2010 at noon.  *Id.* Although not explicitly alleged in the SAC, BONY was declared the highest bidder and now claims title to the subject property.  *See* Oct. 14 Order, *Rundgren v. Bank of N.Y. Mellon*, 2010 WL 4066878, at *1 (D. Haw. Oct. 14, 2010); *see also* SAC ¶ 19.

The SAC asserts that Plaintiff did not learn of the "fraudulent scheme" described above until BONY noticed the nonjudicial foreclosure on December 11, 2009, because Countrywide concealed the "relevant facts" during closing by preventing Plaintiff from seeing the documents she was signing.  SAC ¶ 21.

## B.    Procedural Background

On March 10, 2010, Plaintiff filed her Complaint in the First Circuit Court of the State of Hawaii, and Defendants subsequently removed the action to

this court. After certain Defendants moved to dismiss the Complaint, Plaintiff filed a FAC on July 2, 2010, alleging claims for (1) wrongful nonjudicial foreclosure in violation of HRS Ch. 667 against BONY (Count I); (2) violation of HRS §§ 480-12 and 480-13 against all Defendants (Count II); and (3) title accounting against MERS (Count III).

On October 14, 2010, the court granted Moving Defendants' Motion to Dismiss the FAC (the "October 14 Order"). The October 14 Order further granted Plaintiff leave to file a second amended complaint to allege a claim for violation of HRS Ch. 480. In response, on November 5, 2010, Plaintiff filed her SAC alleging claims against Defendants for (1) violation of HRS Ch. 480 (Count I); (2) violation of 18 U.S.C. § 1001 (Count II); and (3) wrongful foreclosure (Count III).

On November 15, 2010, Defendants filed their Motion to Dismiss the SAC. Plaintiff filed an Opposition on January 3, 2011, and Defendants filed a Reply on January 10, 2011. A hearing was held on January 24, 2011. At the hearing, the court required the parties to submit supplemental briefing on the issue of whether HRS § 657-20, which extends the statute of limitations for certain types of claims, applies to a HRS Ch. 480 claim. The parties submitted simultaneous supplemental briefing on February 7, 2011, and responsive supplemental briefing

on February 14, 2011.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

A claim may be dismissed under Rule 12 as "barred by the applicable

statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Such motion should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (citation omitted).

## IV. DISCUSSION

Defendants argue that the SAC should be dismissed for a variety of reasons, and the court addresses each claim in turn.

## A. Violation of HRS Ch. 480 (Count I)

The SAC asserts that Defendants committed illegal, unfair and deceptive trade practices in consummating the 2005 mortgage loan transactions with Plaintiff, and seeks damages pursuant to HRS § 480-13 as well as rescission of the transactions pursuant to HRS § 480-12. These allegations are generally the same as those in the FAC, with one major difference -- Plaintiff now asserts facts suggesting that Defendants hid from Plaintiff the facts supporting this claim.

Plaintiff included these facts because the October 14 Order explained that HRS Ch. 480 claims are subject to a four-year statute of limitations such that

Plaintiff's claim -- based on events that occurred over five years before Plaintiff filed this action -- is time-barred unless tolling applies. Plaintiff had argued that her claim takes benefit of Hawaii's fraudulent concealment statute, HRS § 657-20, but the October 14 Order rejected this argument because no facts suggested fraudulent concealment. *See* Oct. 14 Order, *Rundgren*, 2010 WL 4066878, at *6-7. Prior to the October 14 Order, none of the parties (nor the court) questioned the applicability of § 657-20 to a Ch. 480 claim, and the court therefore raised this issue sua sponte at the January 24, 2011 hearing on Plaintiff's SAC.

Based on the following, the court finds that although the statute of limitations on a Ch. 480 claim generally begins to run from the date of the occurrence of the violation, the limitations period may be tolled based on the equitable tolling doctrine of fraudulent concealment, as opposed to the statutory fraudulent concealment provision of HRS § 657-20.

### 1.    The Statute of Limitations on HRS Ch. 480 Claims

Claims brought pursuant to HRS Ch. 480 are generally subject to a four-year statute of limitations. Specifically, § 480-24(a) provides:

> Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues . . . . For the purpose of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation.

Relying on *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1289 (D. Haw. 2007), the October 14 Order found that this four-year period begins to run from the date of the occurrence of the violation, as opposed to the date of the discovery of the alleged violation. Although no Hawaii cases had addressed the issue, *McDevitt* came to this conclusion by relying on federal law that adopted the occurrence rule in interpreting the four-year statute of limitations provision found in 15 U.S.C. § 15b. *McDevitt*, 522 F. Supp. 2d at 1289-90 (relying on *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971), which states that "[g]enerally, a cause of action accrues and the statute [of limitations on a federal antitrust claim] begins to run when a defendant commits an act that injures a plaintiff's business"). This reliance on federal caselaw is expressly sanctioned by HRS § 480-3, which provides that "[t]his chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes, except that lawsuits by indirect purchasers may be brought as provided in this chapter."

The reasoning of both *McDevitt* and the October 14 Order appears to be sound, and neither party disputes these general principles. What *McDevitt* did not address and what the parties failed to raise earlier, however, is whether any tolling principles apply to a Ch. 480 claim. The court addresses two possible sources -- HRS § 657-20 and general equitable principles.

*a.* *HRS § 657-20*

Whether Hawaii's fraudulent concealment provision, HRS § 657-20, applies to a HRS Ch. 480 claim raises an issue of statutory construction, and the court therefore starts with the language of § 657-20. *See State v. Mainaaupo*, 117 Haw. 235, 247, 178 P.3d 1, 13 (2008) ("When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." (citation and quotation signals omitted)).

Section 657-20 provides:

> If any person who is liable to any of the actions
> mentioned in this part or section 663-3, fraudulently
> conceals the existence of the cause of action or the
> identity of any person who is liable for the claim from the
> knowledge of the person entitled to bring the action, the
> action may be commenced at any time within six years
> after the person who is entitled to bring the same
> discovers or should have discovered, the existence of the
> cause of action or the identity of the person who is liable
> for the claim, although the action would otherwise be
> barred by the period of limitations.

According to its plain language, § 657-20 applies only to "actions mentioned in this part or section 663-3." This "part," in turn, means actions mentioned in Part I of Ch. 657 on "personal actions" (*i.e.*, HRS §§ 657-1 through 657-24). In other words, § 657-20 does not apply to claims that fall outside Part I

of Ch. 657 or HRS § 663-3 (Hawaii's wrongful death statute).

This construction is confirmed by reading § 657-20 in context with the other provisions in Part I of Chapter 657. Specifically, § 657-18 outlines another tolling provision, which similar to § 657-20, applies only to "any cause of action specified in this part or section 663-3." And *First Hawaiian Bank v. Powers*, 93 Haw. 174, 998 P.2d 55 (Haw. App. 2000), construed this language as expressly limiting its application to Part I of Chapter 657 and claims brought pursuant to § 663-3:

> The tolling provisions of HRS § 657-18 are thus applicable only to those causes of action specified in "this part" -- *i.e.*, Part I of HRS chapter 657, entitled "Personal Actions," -- and HRS § 663-3 (1999). By express limitation, therefore, HRS § 657-18 does not apply to toll the statute of limitations set forth in HRS § 490:2-725.

*Id.* at 186, 998 P.2d at 67. This reasoning applies with equal force to the language in § 657-20. Accordingly, the court finds that § 657-20 does not apply to Plaintiff's claims brought pursuant to HRS Ch. 480, as such claims are brought pursuant to a wholly separate part of the HRS.

In opposition, Plaintiff argues that *Leibert v. Finance Factors, Ltd.*, 71 Haw. 285, 788 P.2d 833 (1990), found that § 657-20 applies to claims brought

pursuant to HRS Ch. 480.  Pl.'s Supp. Memo. ¶ 6.[1]  Although *Leibert* did apply

§ 657-20 to a Ch. 480 claim, the issue presented was whether, based on the facts

presented, the trial court correctly found that the statute of limitations had been

tolled by fraudulent concealment.  *Leibert*, 71 Haw. at 292, 788 P.2d at 837.  But

*Leibert* did not address whether § 657-20 applies to a Ch. 480 claim; rather, it

appears that the parties assumed that § 657-20 applied to Ch. 480, and the court

was therefore never asked to determine if § 657-20 could toll the statute of

limitations on a Ch. 480 claim.  As such, the issue of whether § 657-20 should

apply to a Ch. 480 claim was not squarely before *Liebert* and therefore *Liebert* is

not dispositive of the issue presented here.  *See State v. Wheeler*, 121 Haw. 383,

399, 219 P.3d 1170, 1186 (2009) ("[F]or purposes of stare decisis, the holdings of

those cases are limited to the issues that were actually decided by the court, and are

not dispositive of the distinct issue presented here." (citing *Webster v. Fall*, 266

U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought

to the attention of the court nor ruled upon, are not to be considered as having been

so decided as to constitute precedents." (citations omitted))).

---

[1]  Plaintiff further argues that a Ch. 480 claim is subject to the six-year statute of
limitations in HRS § 657-1, which applies to, among other things, "personal actions of any
nature whatsoever not specifically covered by the laws of the State."  Pl.'s Supp. Memo. ¶ 5
(quoting HRS § 657-1(4)).  Given that § 657-1(4) is expressly limited to personal actions *not
specifically covered by the laws of this State*, and a Ch. 480 claim by its very terms is specifically
covered by the laws of this State, the court rejects this argument.

In sum, given the plain language of HRS § 657-20, the court holds that § 657-20 is limited to causes of action mentioned in Part I of HRS Ch. 657 or HRS § 663-3, and therefore does not apply to Plaintiff's claim brought pursuant to HRS Ch. 480.

### b. *Equitable tolling*

Although the court finds that HRS § 657-20 does not apply to HRS Ch. 480 claims, the court next determines whether any equitable tolling principles may nonetheless apply to Ch. 480.

The parties do not cite, and the court could not find, any cases specifically addressing whether the equitable principle of fraudulent concealment applies to HRS § 480-24. The court is not limited, however, to Hawaii cases interpreting § 480-24 -- instead, the court looks (as *McDevitt* did) to "judicial interpretations of similar federal antitrust statutes" to determine whether any tolling principles may apply to a Ch. 480 claim. *See* HRS § 480-3.

A similar federal antitrust statute is 15 U.S.C. § 15b, which provides a four-year statute of limitations for federal antitrust actions. Indeed, HRS § 480-24 closely mirrors the language of 15 U.S.C. § 15b, which provides that "[a]ny action to enforce any cause of action under section 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action

accrued."

It is well-settled that this statute of limitations in 15 U.S.C. § 15b may be tolled due to fraudulent concealment. *See, e.g.*, *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 160 (3d Cir. 2002) ("Although § 15b mandates a four-year statute of limitations for civil antitrust actions, it is well established that the doctrine of fraudulent concealment tolls the limitation period when a plaintiff's cause of action has been obscured by the defendant's conduct."); *Norton-Children's Hosps., Inc. v. James E. Smith & Sons, Inc*., 658 F.2d 440, 443 (6th Cir. 1981) ("The general rule is well established in antitrust cases that fraudulent concealment will toll the statute of limitations."). To invoke this rule, a plaintiff must plead facts showing affirmative concealment by the defendant:

> To avoid the bar of limitation by invoking the concept of fraudulent concealment, the plaintiff must allege facts showing affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief. Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure.

*Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978); *see also E.W. French & Sons, Inc. v. General Portland Inc*., 885 F.2d 1392, 1399 (9th Cir. 1989). A plaintiff "must plead with particularity the circumstances

surrounding the concealment and state facts showing his due diligence in trying to

uncover the facts." *Id.* at 250; *see E.W. French & Sons, Inc.*, 885 F.2d at 1399

("To establish fraudulent concealment, [Plaintiff] must prove (1) [Defendant]

fraudulently concealed the conspiracy, (2) [Plaintiff] did not discover the facts

which form the basis of the claim, and (3) [Plaintiff] exercised due diligence in

attempting to discover the facts.").[2]

      The court finds that these fraudulent concealment principles apply to

HRS § 480-24. The language of the two statutes closely mirrors one another --

both provide that a cause of action shall be "barred unless commenced within four

years after the cause of action accrued." HRS § 480-24; 15 U.S.C. § 15b. The

only major difference between these two statutes is that HRS § 480-24 applies to

all actions encompassed by Ch. 480 (which includes both actions sounding in

antitrust as well as unfair methods of competition and unfair or deceptive acts or

practices), while 15 U.S.C. § 15b applies to only federal antitrust actions. This

difference is not of consequence -- HRS § 480-3 expressly applies to "[t]his

chapter," (i.e., Ch. 480), and courts have not limited its application to Hawaii

antitrust provisions included in Ch. 480. Indeed, the Hawaii Supreme Court has

---

[2] This standard of proof is similar to that required for establishing fraudulent
concealment under HRS § 657-20, where a plaintiff must show that a defendant acted
affirmatively and fraudulently to conceal the cause of action. *See Au v. Au*, 63 Haw. 210, 215,
626 P.2d 173, 178 (1981).

relied upon judicial interpretations of federal antitrust statutes in interpreting provisions of Ch. 480 that apply to both antitrust and unfair competition claims. For example, *Davis v. Four Seasons Hotel Ltd.*, 122 Haw. 423, 430, 228 P.3d 303, 310 (2010), relied on federal caselaw interpreting the phrase "any person" in 15 U.S.C. § 15(a), to assist in construing this same phrase in HRS § 480-13(a) providing that "any person who is injured . . . by reason of anything forbidden or declared unlawful by this chapter" may bring an action for damages or injunctive relief. *See also Courbat v. Dahana Ranch, Inc.*, 111 Haw. 254, 261, 141 P.3d 427, 434 (2006) (citing in part to § 480-3 to rely on judicial interpretations of the Federal Trade Commission Act to define "deceptive" acts or practices as used in HRS § 480-2); *Haw. Community Fed. Credit Union v. Keka*, 94 Haw. 213, 228, 11 P.3d 1, 16 (2000).

Further, from a practical standpoint, if fraudulent concealment did not apply to toll the statute of limitations on a Ch. 480 claim, then a plaintiff would have no remedy whatsoever where a defendant has in fact fraudulently concealed a cause of action from the plaintiff. Given that Ch. 480 is "to be construed liberally in order to accomplish the purpose for which [it was] enacted," the court rejects that there are no instances in which tolling may apply. *See Cieri v. Leticia Query Realty, Inc*., 80 Haw. 54, 68, 905 P.2d 29, 43 (1995). Thus, to construe HRS Ch.

480 in accordance with federal cases interpreting similar federal antitrust laws such as 15 U.S.C. § 15b, the court holds that the statute of limitations on a HRS Ch. 480 claim may be tolled under the equitable tolling doctrine of fraudulent concealment.

In opposition, Defendants argue that equitable tolling does not apply because (1) Hawaii courts have not recognized equitable tolling for Ch. 480 claims and instead have limited its application to the insurance context, and (2) HRS § 480-24, by recognizing some circumstances under which the statute of limitations is tolled, impliedly rejected that any other tolling principles may apply. The court rejects these arguments.

As to Defendants' first argument, Defendants overlook that HRS § 480-3 expressly mandates that the court construe Ch. 480 consistent with similar federal antitrust statutes. Accordingly, that no Hawaii cases address this issue does not prevent the court from finding that fraudulent concealment applies to HRS § 480-24.

As to Defendants' second argument, the court recognizes that HRS § 480-24 is more detailed that its federal counterpart, 15 U.S.C. § 15b, because it outlines three instances in which the statute of limitations will be tolled for actions brought by the State of Hawaii. Specifically, § 480-24(b) provides:

> The following shall toll the time for commencement of actions by the State under this chapter if at any time:

16

(1) Any cause of action arising under this chapter accrues against any person, the person is out of the State, the action may be commenced within the terms respectively limited, after the return of the person into the State, and if, after the cause of action has accrued, the person departs from and resides out of the State, the time of the person's absence shall not be deemed or taken as any part of the time limited for the commencement of the action.

(2) Any cause of action arising under this chapter accrues against any person, the person has petitioned for relief under the bankruptcy code, the time during which the bankruptcy case is pending shall not be deemed or taken as any part of the time limited for the commencement of the action.

(3) Any cause of action arising under this chapter accrues against any person, there is a criminal action pending which arises out of the same occurrence, the time during which the criminal action is pending shall not be deemed or taken as any part of the time limited for the commencement of the action. As used in this paragraph, a criminal action is pending until its final adjudication in the trial court.

That HRS § 480-24(b) includes these three exceptions to actions brought by the States does not render § 480-3 meaningless as to actions brought by a private party. In fact, HRS § 480-24 and 15 U.S.C. § 15b are similar as to actions brought by a private party -- neither explicitly provides for any tolling. Given that judicial interpretations of 15 U.S.C. § 15b recognize that fraudulent concealment may toll the statute of limitations, the court similarly finds that fraudulent concealment may toll § 480-24's statute of limitations.

In sum, the court holds that the statute of limitations in § 480-24 may be tolled for fraudulent concealment.

### 2. Application of Fraudulent Concealment Doctrine to Plaintiff's Allegations

Although very close, the court finds that when read with the required liberality, the SAC alleges enough facts to trigger the tolling of the statute of limitations due to fraudulent concealment. *See Morales*, 214 F.3d at 1153.

Specifically, the SAC asserts that Plaintiff was

> rushed and required to sign said Notes and said Mortgages and all other closing documents without being allowed adequate time to read and to understand the terms and the language . . . , the corners of the signature pages, for example, being merely lifted up and she being told merely to 'sign here, sign here,' as the pages were quickly turned for her, only revealing places for her signatures and initials to be robotically placed.

The SAC further asserts that:

> Rundgren did not learn of the fraudulent scheme described aforesaid committed by Countrywide until on or about December 11, 2009 when BONY first noticed her nonjudicial foreclosure action, the relevant facts of which were concealed and kept hidden from her at the closing by the representatives and agents of Countrywide present at the closing, with its knowledge and at its specific direction to her mortgage broker, as the false information, *supra*, that had been pre-typed on her loan application was never shown to her, only the corner of the signature page turned upward exposing the place that she was told to place her signature.

*Id.* ¶ 21.  In sum, the SAC asserts that individuals from Countrywide prevented Plaintiff from reading the loan documents, which constitutes an affirmative act of concealment.  *See Rutledge*, 576 F.2d at 250; *E.W. French & Sons, Inc*., 885 F.2d at 1399.  Although it appears that Plaintiff was provided the loan application and other documents at some point prior to this action and Plaintiff certainly should have discovered the existence of her cause of action when she received these documents, the court cannot say at this stage -- *i.e.*, on a motion to dismiss, as opposed to a motion for summary judgment -- that Plaintiff cannot establish that fraudulent concealment applies.  Accordingly, the court DENIES Defendants' Motion to Dismiss Count I of the SAC.

## B.     18 U.S.C. § 1001 (Count II)

Count II of the SAC alleges that the loan transactions violated 18 U.S.C. § 1001 such that the mortgage notes are unenforceable and void for illegality.  SAC ¶¶ 29-34.  Defendants argue, and the court agrees, that this claim must be dismissed.

As an initial matter, the court did not grant Plaintiff leave to file additional claims -- the October 14 Order specifically granted leave for Plaintiff to file a SAC alleging only "a claim for violation of HRS Ch. 480 against BONY and MERS."  Oct. 14 Order, *Rundgren*, 2010 WL 4066878, at *9.  Nor did Plaintiff

timely request leave to file any additional claims -- the July 29, 2010 Rule 16

Scheduling Order provided that all motions to amend the pleadings must be filed

by October 29, 2010.  Given that the court clearly outlined the contours of an

allowable SAC, and the Scheduling Order provided Plaintiff time to file a proper

motion to amend, Plaintiff cannot establish good cause, *i.e.*, diligence, that would

allow a modification of the October 29, 2010 deadline to amend pleadings.  *See*

Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order "may be modified only for

good cause and with the judge's consent"); *See Zivkovic v. S. Cal. Edison Co.*, 302

F.3d 1080, 1087 (9th Cir. 2002) (providing that the good cause inquiry focuses on

the diligence of the party seeking to modify the scheduling order).  On this basis

alone, this claim is improper.

      Second, even if Plaintiff *were* permitted to allege additional claims,

18 U.S.C. § 1001 is a criminal statute and does not provide for a private cause of

action.  *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)

(concluding that a claim alleging violation of 18 U.S.C. § 1001 was proper because

it does "not provide for a private right of action and [is] thus not enforceable

through a civil action"); *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 n.1 (6th Cir.

2004) (finding no private cause of action for violation of 18 U.S.C. § 1001); *Fuller

v. Unknown Officials from the Justice Dept. Crime Div*., 387 Fed. Appx. 3, 4 (D.C.

Cir. July 22, 2010) (same); *Horne v. Social Sec. Admin.*, 359 Fed. Appx. 138, 141

(11th Cir. Jan. 4, 2010) (same); *Ng v. HSBC Mortg. Corp.*, 2010 WL 889256, at *9

(E.D.N.Y. Mar. 10, 2010) (collecting cases explaining that 18 U.S.C. § 1001 does

not create a private cause of action); *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 8 (D.

D.C. 2006) ("Private causes of action are also precluded for the criminal statutes

located at 18 U.S.C. §§ 1001.") .

In opposition, Plaintiff argues that she is not seeking to exercise a

private cause of action for violation of 18 U.S.C. § 1001, but rather is attempting to

assert an affirmative claim that the mortgage documents are unenforceable because

Countrywide violated 18 U.S.C. § 1001 during the transaction.  As Plaintiff's

counsel explained at the hearing, this action is really a defensive action in which

Plaintiff is using the common law defense of illegality to prevent Defendants'

enforcement of the mortgage loan.

The court rejects this argument -- illegality and/or unenforceability is

an affirmative defense and not a claim for relief.  *See* Fed. R. Civ. P. 8(c)(1)

(listing illegality as an affirmative defense); *Citadel Broad. Corp. v. Dolan*, 2009

WL 4928935, at *8 ("[A]n affirmative defense is not a claim for relief.") (S.D.N.Y.

Dec. 21, 2009); *Doyle v. Ill. Cent. R. Co.*, 2009 WL 224897, at *2 (E.D. Cal. Nov.

5, 2008) ("An affirmative defense is a defense, not a claim for affirmative relief.");

*Thomas v. Housing Auth. of the County of Los Angeles*, 2005 WL 6136432, at *9

(C.D. Cal. June 3, 2005) ("An affirmative defense is not a claim or cause of

action."); *see also Jones v. Phillipson*, 92 Haw. 117, 123, 987 P.2d 1015, 1021

(Haw. App. 1999) ("Illegality is an affirmative defense.").[3] This is not the case

where Defendants brought this action requesting the court to enforce the mortgage

loan and/or note, and Plaintiffs have responded by bringing a claim of

unenforceability. Rather, Plaintiffs brought this action and raise a claim for

violation of 18 U.S.C. § 1001 as an affirmative claim, not a defense. The court

therefore GRANTS Defendants' Motion to Dismiss as to Count II of the SAC.

## C.    Wrongful Disclosure (Count III)

Count III of the SAC alleges that Countrywide's bad acts culminated

in the nonjudicial foreclosure of the subject property such that Plaintiff is entitled

to injunctive relief against all holders and transferees, expungement and

cancellation of all recordations alienating ownership of the subject property from

---

[3] The cases Plaintiff cites in support of this claim are distinguishable because they do not involve affirmative claims for unenforceability or illegality of a contract. *See Morris-Griffin Corp. v. C & L Serv. Corp.*, 731 F. Supp. 2d 488, 501 (E.D. Va. 2010) (finding that plaintiff was not entitled injunctive relief of enforcement of the contract where contract violated federal law); *Couldock & Bohan, Inc. v. Societe Generale Sec. Corp.*, 93 F. Supp. 2d 220, 234 (D. Conn. 2000) ("Plaintiff, having violated the federal and state statutes, does not have the right to enforce the clearing agreement."); *Entm't Publ'ns, Inc. v. Goodman*, 67 F. Supp. 2d 15, 18-20 (D. Mass. 1999) (discussing defendant's "affirmative defense of illegality"). Further, although *In re Kennerly*, 90 B.R. 781, 786-87 (Bkrtcy. D. S.C. 1987), allowed a bankruptcy trustee to assert a claim for illegality, this action does not involve similar facts of a bankruptcy trustee bringing an adverse proceeding in the context of a bankruptcy petition.

her, and an award of actual damages against BONY for refusing to surrender the title of the subject property to Plaintiff. SAC ¶ 35. Defendants argue, and the court agrees, that this claim must be dismissed because the court did not grant Plaintiff leave to assert this claim when it dismissed Plaintiff's FAC. Indeed, the FAC had alleged a claim for wrongful foreclosure pursuant to HRS Ch. 667, which the court dismissed without leave to amend. Further, as explained above for Count II, Plaintiff did not seek leave to include this claim and otherwise cannot show good cause in pursuing this claim where Plaintiff (1) was aware of the scope of the SAC that would be allowed by the court and (2) allowed the time to pass for seeking leave to amend. Accordingly, the court GRANTS Defendants' Motion to Dismiss Count III.

## V. CONCLUSION

Based on the above, the court GRANTS in part and DENIES in part Defendants' Motion to Dismiss the SAC. Count I of the SAC remains.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Rundgren v. The Bank of New York Mellon, et al.*, Civ. No. 10-00252 JMS/LEK, Order Granting in Part and Denying in Part Defendants Motion to Dismiss Second Amended Complaint Filed on November 15, 2010